THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN RODRÍGUEZ, Defendant and Appellant. SAME *v.* FAUSTO MARTÍNEZ, Defendant and Appellant. SAME *v.* ERASMO DELGADO, Defendant and Appellant.

Nos. 5819, 5820, and 5821. Argued December 3, 1935.—Decided December 24, 1935.

*Cruz Ortiz Stella* for appellants. *R. A. Gómez, Prosecuting Attorney*, for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Three men were arrested for selling, or having something to do with the sale on the streets of certain tickets of a game of chance known as "Bolita," in violation of section 293 of the Penal Code which reads as follows:

"Every person who sells, gives, or in any manner whatever furnishes or transfers to or for any other person any ticket, chance, share, or interest, or any paper, certificate, or instrument purporting or understood to be or to represent any ticket, chance, share, or interest in, or depending upon the event of any lottery, is guilty of misdemeanor."

All of them were convicted and on appeal have filed their principal brief in case No. 5820.

■ An attack was made on the sufficiency of the complaint. The first objection was that the complaint did not set out that a particular sale was made, but merely that the defendant was engaged in selling (*se dedicaba a la venta*) certain "numbers." Perhaps if these words stood alone there might be some doubt whether appellants were not right in maintaining that no specific sale was charged, but further on in the complaint mention of a transaction showing a sale is made. At least that is true of two of the complaints. However, without this reinforcement we are of the opinion that the words "was engaged in selling" describe the act of the defendant making a sale.

■ There was a second assignment of error which attacked the sufficiency of the evidence in the case. A policeman had seized a number of articles or stubs showing numbers, and particularly described the method by which these numbers were sold. Among the papers seized were various lists or schedule of numbers, and in many places names or initials preceded these numbers. The policeman who made the seizures was the principal witness for the government. In two of the cases he testified that he saw the defendant making the sales while in the third case he heard the defendant inviting people to take a number. Under the Law of Evidence and otherwise the statement of a single witness is presumed to be true, is sufficient, and the declaration of a policeman furnishes no exception.

In the case of the man who was not seen actually selling, the sufficiency of the complaint depends on the general consideration that one who engages in a sale is selling.

Also the invitation and, as testified, the papers taken from defendant, as circumstantial evidence, made up a case for the government.

The judgments appealed from must be affirmed.